The CITY AND COUNTY OF SAN FRANCISCO et al., Plaintiffs,

v.

CHAS. PFIZER & CO., Inc., et al., Defendants.

The State of California, Applicant for Intervention.

No. 68 Civ. 4274.

United States District Court
S. D. New York.

Oct. 3, 1969.

Thomas C. Lynch, Atty. Gen. of the State of California, San Francisco, Cal., Robert E. Murphy, Michael I. Spiegel, Deputy Attys. Gen., for the State of California.

Thomas M. O'Connor, City Atty., San Francisco, Cal., Robert M. Desky, Edmund A. Bacigalupi, Deputy City Attys., for City and County of San Francisco.

WYATT, District Judge.

This is a motion by the State of California (California), said to be under Fed. R.Civ.P. 24(a) (2), for an order permitting California to intervene in this action as a party plaintiff. The plaintiff in this action, City and County of San Francisco, opposes such intervention.

The cited Rule provides for intervention of right "when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties".

The case at bar was commenced in the United States District Court for the Northern District of California by City and County of San Francisco (San Francisco), a municipal corporation, on March 18, 1968. It sought treble damages for alleged violations of the antitrust laws in respect of antibiotic drugs. It was not a class action. San Francisco averred that it had purchased large amounts of such drugs. The defendants are 5 manufacturers of such drugs. The file number in the California district was 48909.

This is one of a large number of similar actions (about a hundred) against the same defendants. All such actions commenced outside this district have been transferred by the Judicial Panel on Multidistrict Litigation to this district

for coordinated or consolidated pretrial proceedings. 28 U.S.C. § 1407. The case at bar has been so transferred here and has the file number in this district, 68 Civ. 4274.

California itself commenced a similar action on April 8, 1968 in the United States District Court for the Northern District of California. The complaint averred that California was a "Public End user" of the relevant antibiotic drugs and that the action was a class action for some 200 Public End users in California, these being cities, counties, municipalities, hospitals, "and other districts" in California. The file number of California in the California district was 49044; transferred to this district, it has in this district, file number 68 Civ. 4343.

In February 1969, the 5 defendants made a written offer of $100,000,000 to settle all claims described in the written offer, which included all claims of all states, counties and other governmental entities (a) as purchasers, (b) as parens patriae, and (c) on behalf of their citizens as a class of individual consumers.

By stipulation approved by this Court and filed April 29, 1969, the complaint of San Francisco was amended so that San Francisco sued not only for itself but for all members of a class consisting of individual consumers who purchased the antibiotic drugs within the City and County of San Francisco or paid for such drugs by virtue of relief or other welfare programs.

The attitude of San Francisco and that of California toward the settlement offer are entirely different. San Francisco accepts the settlement; California rejects it. This is the root cause of the present controversy.

In May 1969, the Attorney General of California moved on behalf of Alameda County and a number of other counties,

hospital districts and others for leave to intervene in the California action as plaintiffs. Fed.R.Civ.P. 24(b). Defendants did not oppose and the motion was granted by order filed June 18, 1969.

In May 1969, California moved in its action for leave to file an amended complaint. Fed.R.Civ.P. 15. The motion was called for hearing on June 18, 1969, and without objection by defendants an order was filed on that day granting leave to California and to the intervenor plaintiffs to file as a single pleading an amended complaint.

By order filed June 19, 1969, this Court determined that San Francisco is to maintain this action as a class action for itself and for all members of the consuming public within its territorial limits. Fed.R.Civ.P. 23(c) (1). This followed a hearing at which California vigorously opposed such an order. The reasoning of the Court, as indicated at the hearing, was that—at least for purposes of administration of the settlement—governmental entities down to the county level could maintain their actions already commenced as class actions for their residents.

On June 30, 1969, California filed a first amended complaint and on July 8, 1969 filed another first amended complaint. The document filed on July 8 is the same as that filed on June 30 except that the caption on the first page of the document filed July 8 shows "Alameda County, California, et al." as "intervenor plaintiffs".

The amendment of the complaint effected by the first amended complaint is the addition of a class (or "subclass") of "Citizen End users" consisting of those residents of California who purchased antibiotic drugs and the addition of a "second cause of action" on behalf of California "for relief as parens patriae".

The present motion to intervene then followed.

There is an attempt in the California action to represent the residents of San Francisco as among the members of the class for which the action in part has been brought. There has as yet been no determination under Fed.R.Civ.P. 23(c) (1) that the California action is to be maintained as a class action.

On the other hand, it has already been determined that the case at bar, the San Francisco action, can be maintained as a class action for residents of San Francisco.

To permit the intervention here sought would, because of the conflict of attitudes toward settlement if for no other reason, invite chaos.

California, however, does not appeal to discretion but claims a right to intervene because of "an interest relating to the property or transaction which is the subject of the action". Fed.R.Civ.P. 24(a) (2). No such "interest" has been shown and it is found that none exists. The question is simply which of two actions should be maintained as class actions for residents of San Francisco.

California law, while interesting and in some instances helpful, is irrelevant in considering a federally created claim.

The motion is denied.

So Ordered.